UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDIE ANTHONY JARAMILLO, | Case No. 1:21-cv-00712-JLT (PC) |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST** |
| v. | |
| J. BURNES, et al., | 21-DAY DEADLINE |
| Defendants. | |

Rudie Anthony Jaramillo alleges the defendants subjected him to excessive force and retaliation and failed to protect him from an attack by another inmate. (Doc. 1.) The subject incidents occurred on April 25, May 16, and May 29, 2019. (*Id.* at 5, 7, 8.) For each of these incidents, Plaintiff admits that he has not yet exhausted his administrative remedies.[1] (*Id.*)

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

---

[1] With respect to one of the incidents, Plaintiff states that he is awaiting a third-level response to an appeal, but that he filed suit because the "statute of limitations [is going to] expire." (Doc. 1 at 7.) However, while the statute of limitations for section 1983 actions arising in California is two years, *Jackson v. Barnes*, 749 F.3d 755, 761 (9th Cir. 2014) (citation omitted), the statute is tolled for a maximum of two years if and while a plaintiff is imprisoned, *unless* the plaintiff is serving a sentence of life without the possibility of parole, Cal. Civ. Proc. Code § 352.1(a); *Brooks v. Mercy Hosp.*, 1 Cal. App. 5th 1, 7 (Cal. Ct. App. 2016). The statute of limitations is also "tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (citations omitted).

42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Generally, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

It is clear on the face of his complaint that Plaintiff failed to exhaust administrative remedies prior to filing suit. Accordingly, **within 21 days** of the date of service of this order, Plaintiff SHALL show cause in writing why this action should not be dismissed for failure to exhaust. Alternatively, within that same time, Plaintiff may file a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated:   **October 22, 2021**           **/s/ Jennifer L. Thurston**
                                         CHIEF UNITED STATES MAGISTRATE JUDGE

2