UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDIE ANTHONY JARAMILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>J. BURNES, et al.,<br><br>    Defendants. | No. 1:21-cv-00712-AWI-JLT (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR FAILURE TO EXHAUST**<br><br>(Doc. No. 15) |

Plaintiff Rudie Anthony Jaramillo is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 25, 2021, the assigned magistrate judge issued an order finding that Plaintiff failed to exhaust administrative remedies prior to filing suit as required by the Prison Litigation Reform Act. Doc. No. 13. Therefore, the magistrate judge ordered Plaintiff, within 21 days, to show cause why this action should not be dismissed for his failure to exhaust. Id. at 2. Plaintiff failed to respond to the order to show cause within the time provided.

Accordingly, on December 6, 2021, the assigned magistrate judge filed findings and recommendations, recommending that this action be dismissed without prejudice. Doc. No. 15. The magistrate judge found that it is clear on this face of his complaint that Plaintiff failed to exhaust administrative remedies prior to initiating this action. Id. at 2. The judge provided

Plaintiff 14 days to file objections to the findings and recommendations. Id. Plaintiff filed objections on December 20, 2021. Doc. No. 16.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis. In his objections, Plaintiff appears to argue the merits of his case and includes several attachments in support thereof; however, he does not dispute that he failed to exhaust prior to initiating this action. See generally Doc. No. 16. In fact, two of the attachments reveal that Plaintiff received dispositions from the highest level of review regarding two of his administrative grievances *after* he initiated this action in April of this year. See id. at 20-21, 32-33. Exhaustion, however, must be completed before the filing of a complaint; it cannot be completed during the pendency of lawsuit. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). Dismissal will be "without prejudice," though, meaning that Plaintiff may file a new lawsuit based on any claims that are now exhausted, if otherwise appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on December 6, 2021 (Doc. No. 15) are ADOPTED in full;
2. This action is DISMISSED without prejudice for failure to exhaust administrative remedies prior to filing suit; and,
3. The Clerk of the Court is DIRECTED to terminate all pending motions and to close this case.

IT IS SO ORDERED.

Dated:   December 30, 2021                           _____
                                                      SENIOR DISTRICT JUDGE